IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Bo Anderson Taylor, #316071      ) | Civil Action No. 8:08-2072-HMH-BHH |
|                                             ) | |
|               Plaintiff,      ) | |
|                                             ) | |
| v.                                         ) | **REPORT AND RECOMMENDATION** |
|                                             ) | **OF MAGISTRATE JUDGE** |
|                                             ) | |
| Kelvin Myers "SGT.," Stan Burt  ) | |
| "Warden," Jones "SGT.," and Simmons ) | |
| C/O,                                       ) | |
|                                             ) | |
|               Defendants.  ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment. [Doc. 24.] The plaintiff alleges that the defendants were indifferent to his safety when they allowed other inmates to attack him. The plaintiff has also pled claims for excessive force, racial discrimination, racial segregation, and the return of personal and legal materials.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

**DISCUSSION**

The defendants contend that the plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a §1983 action concerning his confinement. 42 U.S.C.A. §1997(e) states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Porter v. Nussle*, 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. In *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires proper exhaustion. The Court stated that "[a]dministrative law requires proper exhaustion of administrative remedies which means using all steps that the agency holds out, and doing so properly." *Id*. (Internal quotations and citations omitted). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. *Id*.

The Court takes notice, and it is undisputed, that in order to exhaust the South Carolina Department of Corrections ("SCDC") administrative remedies, an inmate must fill out a Form 10-5, Step 1 grievance, and give the form to the Institutional Inmate Grievance Coordinator within fifteen days of the alleged incident of which the inmate

complains. The Warden must respond to the Step 1 grievance in writing no later than forty days from the filing of the initial grievance. If the inmate is not satisfied with the Warden's response, he must file an appeal of the Step 1 grievance response by filing a Form 10-5a, Step 2 Request for Responsible Official Review, with the Inmate Grievance Coordinator within five days of the receipt of the response from the Warden. A responsible official has sixty days to respond to the Step 2 grievance. The decision of the official who answers Step 2 is considered the SCDC's final response in the matter. Only after completing both Steps 1 and 2 in the SCDC grievance process has an inmate properly exhausted a claim under §1983. 42 U.S.C. § 1997e; (see generally Warden Aff & Exs.)

The defendants have submitted evidence that the plaintiff has only submitted a Step 1 Grievances concerning any of the factual allegations predicate to the claims in his Complaint. (Bodison Aff. ¶¶ 8, 11.) There is further evidence that the Grievances were "returned unprocessed because the [plaintiff] did not pursue an informal resolution prior to filing the Grievance, because he failed to provide necessary information and because he did not file his Grievance within 15 days of the incident." (Bodison Aff. ¶ 11.) The plaintiff took no further action on this or other grievances. In fact, it appears as he might have indicated on, at least, one of the returned grievances that he had accepted the action taken. (Bodison Aff. Ex. at 5.)

To the defendants' evidence and argument, the plaintiff has made essentially no response. He summarily states that he "would like to bring from one to 5 Step One

3

Grievances that has made it, filed by Mr. Taylor, on October 20, 2008 Mr. Taylor's cases where [sic] re-opened." (Pl. Resp. Summ. J. at 3.) Even still, these are only Step 1 Grievances, which do not qualify as proper or complete exhaustion. The Court has reviewed the additional materials submitted with the plaintiff's response and they no better reflect complete exhaustion than the three Grievances initially submitted with the Complaint. [Cf. Doc. 1 with Docs. 28, 34.] In fact, the plaintiff has submitted, with his response to summary judgment, a letter from Ann Hallman, in the Inmate Grievance Branch, which expressly indicates that one grievance will *not* be re-opened[1] and, to the extent others have been reopened, they remain, as of yet, unresolved. [Doc. 34, Attach. 1.] There is no evidence of a formal Step 2 Grievance and, as the letter indicates, the plaintiff had not even properly completed the Step 1 procedure concerning any of his allegations. This is not evidence of complete exhaustion.

Moreover, in his Complaint, the plaintiff had previously conceded that, as of the time of filing, he had not proceeded any farther than his Step 1 Grievance. With his Complaint he submitted three Step 1 Grievances, all of which were returned unprocessed. (Compl., Attachs. 1, 2, 3.) There is no evidence that he filed a Step 2 Grievance or otherwise appealed the determinations reflected, prior to filing. In Paragraphs II.D of the Complaint, he admitted that he had not received a final

---

[1] This is grievance number 1887-07, which neither relates to the failure to protect claim nor the failure to return personal and legal materials. (See Compl. Attach. 2.) No informal resolution was attempted. And, there is no evidence that the plaintiff filed a Step 2 Grievance or even a proper Step 1 Grievance, after the initial form was returned unprocessed.

4

agency/departmental/institutional answer or determination concerning these matters. *Id*. His most current evidentiary submissions do not alter the Court's view of that concession.

It should be noted that "[t]he fact that a grievance was unprocessed, without more, is insufficient to show that Respondents prevented Petitioner from exhausting his administrative remedies." *Bryan v. South Carolina Dept. of Corrections*, 2009 WL 702864, at *3 (D.S.C. March 16, 2009); *see also Peoples v. SCDC*, 2008 WL 1902718, at *1 (D.S.C. April 28, 2008). In other words, it cannot be said, in this case, that administrative remedies were simply unavailable to him.

It is true that, although "there is no futility exception to the PLRA's exhaustion requirement," *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir.1999), the plain language of the statute requires that only "available" administrative remedies need be exhausted. A grievance procedure is not "available" if prison officials prevent an inmate from using it. *See Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir.2004); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (holding that inmate lacked available administrative remedy for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir.2001) (allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies); *Arnold v. Goetz*, 245 F. Supp. 2d 527, 538-39 (S.D.N.Y. 2003) (finding a prisoner who was told that an inmate grievance

process existed, but who was frustrated by officials in his attempts to learn how to use it, did not have recourse to an "available" administrative remedy). But a returned and unprocessed grievance does not necessarily render remedies "unavailable." *See Peoples*, 2008 WL 1902718, at *1. The plaintiff, in this case, was free to file a Step 2 Grievance and appeal the determination not to process the initial grievance. *See id.* It appears, however, that the plaintiff did nothing. Accordingly, the case must be dismissed.

The Court has reviewed the grievances presented by the plaintiff, and none of the plaintiff's claims, in this present suit, have been fully and properly exhausted, prior to the filing of the Complaint, as required. *Woodford*, 126 S. Ct. at 2386.

Accordingly, the Court recommends dismissal for failure to exhaust administrative remedies. The Court declines to recommend that a failure to process any of his grievances renders administrative remedies legally unavailable such that this case might proceed.

## **CONCLUSION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment [Doc. 24] should be GRANTED and the plaintiff's claims dismissed *without prejudice*.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

April 23, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).